UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SABRINA KOZMINSKY and MICHAEL ABENANTE,

          Plaintiffs,

                                                **COMPLAINT**

-against-                                      **JURY TRIAL DEMANDED**

OLD WORLD ITALIAN FOOD CORP.
d/b/a EMILIO'S PIZZERIA & RISTORANTE, EMILIO
BRANCHINELLI in his individual capacity, and LENA
BRANCHINELLI in her individual capacity,

          Defendants.
-------------------------------------------------------------x

      Plaintiffs, Michael Abenante and Sabrina Kozminsky through their counsel, SLATER SLATER SCHULMAN LLP hereby submits this Complaint and complains of the Defendants, upon information and belief, as follows:

## NATURE OF CASE

1. Plaintiffs complain pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), and the New York State Human Rights Law, and seeks damages to redress the injuries Plaintiffs suffered as a result of being exposed to sexual discrimination, sexual harassment, discrimination based on sexual orientation, hostile work environment, retaliation, constructive discharge/wrongful termination, and battery based on sexual orientation.

2. Jurisdiction of this action is conferred upon this Court as this action involves a federal question under Title VII of the Civil Rights Act. The Court also has supplemental jurisdiction over the State causes of action.

3. Venue is proper in this District base upon Defendants' place of business being subject to personal jurisdiction within Suffolk County, State of New York, within the Eastern District of New York. 28 U.S.C. §1391(b).

4. On or around February 5, 2020, Plaintiff Michael Abenante filed a complaint with the EEOC against Defendant employer as set forth herein.

5. On or about September 17, 2020 Plaintiff received a Right to Sue Letter from the EEOC.

6. On or around February 5, 2020 Plaintiff Sabrina Kozminsky filed a complaint with the EEOC against Defendant employer as set forth herein.

7. On or about September 2, 2020 Plaintiff Sabrina Kozminsky received a Right to Sue Letter from the EEOC.

8. Plaintiffs satisfied all administrative prerequisites and are filing this case within ninety (90) days of receiving the Right to Sue Letter.

**PARTIES**

9. Plaintiff Michael Abenante ("Abenante") is a single homosexual male who resides in Suffolk County, New York.

10. Plaintiff Sabrina Kozminsky ("Kozminsky") is a single heterosexual female who resides in Suffolk County, New York.

11. Defendant Old World Italian Food Corp. d/b/a Emilio's Pizzeria & Ristorante (Hereinafter "Defendant" and "Defendants") was and is a duly authorized domestic corporation doing business in the State of New York.

12. Upon information and belief, Defendant restaurant solicits business within the State of New York.

13. Upon information and belief, Defendant restaurant derives substantial revenues from goods used or consumed or services rendered in the State of New York.

14. Defendant is also an "employer" within the meaning of the New York Human Rights Law.

15. Defendant Emilio Branchinelli (Hereinafter "Defendant," "Defendants," and "Emilio") was and is the owner and proprietor of Defendant employer.

16. Upon information and belief Defendant Emilio Branchinelli has hire and fire authority of Defendant restaurant's personnel.

17. At all times material, Defendant Emilio Branchinelli had supervisory authority over Plaintiffs.

18. Defendant Lena Branchinelli (Hereinafter "Defendant," "Defendants," and "Lena") was and is a supervisor at Defendant employer.

19. Upon information and belief Defendant Lena Branchinelli has hire and fire authority of Defendant restaurant's personnel.

20. At all times material, Defendant Lena Branchinelli had supervisory authority over Plaintiffs.

21. Defendants are also "employers" within the meaning of the New York State Human Rights Law.

22. Plaintiffs are also "employees" within the meaning of the New York State Human Rights Law.

## FACTS

### Sabrina Kozminsky

23. Defendant restaurant hired Plaintiff Kozminsky in or around June of 2019 as a waitress.

24. Defendants hired her the same day she interviewed.

25. Defendants did not train her in anti-harassment procedures.

26. The sexual harassment began almost immediately.

27. The predominantly male kitchen staff began harassing Plaintiff with leering and lip - smacking but it soon escalated.

28. It changed to continuous catcalling, hollering, and sexually charged comments.

29. At first, it seemed kind of innocent— the men were calling attention to her physical appearance. This happened often.

30. She tried to deflect and redirect the comments to maintain professionalism.

31. Then came the non-stop "you're so sexy, you're so beautiful comments."

32. These comments were made repeatedly, sometimes twenty-five plus times in an evening by the bus boy, Edres (Last Name Unknown), and the manager, Jose Daniel.

33. They would repeat these words over and over again, even though she made it clear that the comments were not acceptable.

34. Following is a list of some but not all of the lewd comments directed towards our client:

- **" I like you, why won't you fuck me." – Carlos and Jose Daniel**
- **"Just let me fuck you baby." - Merlin, Carlos, Jose Daniel**
- **•"Let me fuck you in your wet pussy baby."- Jose Daniel**
- **•"Just let me kiss you baby, just 1 kiss."- Carlos•**
- **"If I could have my way with you…" - Carlos•**
- **"MMM MMM MMM…"- Jose Daniel and Edres**
- **•"I don't care you have a boyfriend, I'm not asking about your boyfriend, you like me, just let me fuck you."— Carlos**
- **•"I want everything with you."- Carlos and Jose Daniel**

- •"I want a baby with you, I wanna put a baby inside you."- Carlos
- "I want to take you back to my country."- Edres
- •"You have a nice cullo" - Carlos
- •"You like it in the ass, baby?"- Carlos and Jose Daniel
- •"You don't get the windex or paper towels right now baby, you don't let me touch you. Why you no like me?"- Carlos

35. Defendants employees inappropriately touched Plaintiff during her time working at the restaurant.

36. The first time Plaintiff brought this to the attention of management was in late July of 2019.

37. On the evening of Tuesday, July 23, 2019, she approached Defendant Lena, the owner's daughter (she was overseeing the restaurant on behalf of Emilio the majority of the time) to inform her that staff had been making unwelcome sexual advances towards her.

38. She informed Defendant Lena that the pizza kitchen manager, Jose Daniel, crouched down to get something beneath her while she was standing at a computer kiosk in the back, and groped her leg up to her buttocks with his hand upon getting up.

39. She complained how these incidents were not isolated and that the staff in general, especially the back-kitchen staff, acted this way on a regular basis.

40. Defendant Lena proceeded to confront and scold the staff.

41. The allegations were vehemently denied.

42. The men did not receive any other disciplinary action for their conduct.

43. Defendants' management told Plaintiff to ignore the misconduct.

44. The misconduct never stopped, and Defendants still did not train Plaintiff in any anti-sexual harassment procedures.

45. Defendants did not train the men at this point in anti-sexual harassment procedures.

46. The physical touching continued after the complaint.

47. Defendants' employee Sergio groped Plaintiff on her buttocks during her shift in late October of 2019.

48. On October 23, 2019, during more harassment she was told by Carlos to "take it in the ass."

49. Plaintiff again reported the harassment to Defendant Lena.

50. Defendants' management still did not rehabilitate the work environment.

51. Defendants' negligence regarding this sexually charged hostile work environment forced Plaintiff to withdraw from her employment.

52. As a result of Defendants' continued harassment of Plaintiff, she suffered numerous injuries including economic and physical/emotional damages.

53. Due to the harassment of Defendants, Plaintiff suffers from high stress and anxiety.

54. Plaintiff suffered emotional pain, suffering, inconvenience, and other non-pecuniary losses.

55. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against Defendants.

56. The above are just some of the examples of unlawful conduct to which Defendants subjected Plaintiff on an ongoing continuous basis.

57. Defendants intentionally discriminated against Plaintiff based on her gender/sex and because of her lawful complaints of discrimination.

58. Defendants have a pattern and practice of discrimination and retaliation.

### **Michael Abenante**

59. Defendants hired Plaintiff on September 4, 2017 as a server.

60. Defendants did not train him in anti-harassment procedures.

61. The sexually charged discriminatory harassment began almost immediately after his colleagues became aware of Plaintiff being openly gay.

62. Defendants' line cook named Alex, also known as Jimmy, continuously winked and blew kisses at Plaintiff, even after he addressed his discomfort.

63. After Plaintiff voiced his discomfort, the predominantly male kitchen staff nicknamed him "culero," which he later discovered meant "bitch/faggot" in Spanish.

64. Plaintiff addressed his concerns to Defendants' General Manager Chris Pittsley, in which Mr. Pittsley advised him to ignore the harassment.

65. Defendants' employees inappropriately touched Plaintiff several times during his time working at the restaurant.

66. Jimmy grabbed Plaintiff's penis while walking past him.

67. After this unacceptable incident Plaintiff complained to Defendant Lena, also the owner Emilio's daughter (she was overseeing the restaurant on behalf of Emilio the majority of the time) who assured Plaintiff she would take care of it.

68. Defendants employee Mario smacked Plaintiff's buttocks every time he entered the kitchen, accompanied with whistling, that had occurred on a day to day basis.

69. Another coworker Merlon constantly made inappropriate sexual gestures at Plaintiff such as shoving his finger going in and out of a hole, following with the statement "do you like that?"

70. On August 30, 2019 Plaintiff spoke with Louie (Little Louie) (Last Name Unknown) in regard to a table, in which he responded "go do some drugs, don't worry culero (Faggot), along with a kiss.

71. At this point, Plaintiff was devasted with all the humiliation, disrespect, and discrimination he had encountered, and left the restaurant and handed in his work materials.

72. On November 15, 2019 Defendant Owner Emilio visited the restaurant, where he discovered Plaintiff in black converse sneakers.

73. Plaintiff received approval from both the manager Chris and Defendant Lena regarding the sneakers.

74. Defendant Emilio threatened Plaintiff and stated, "I want you to go up the road during your break and buy new shoes from Sketchers or find another fucking job."

75. Plaintiff promptly purchased new sneakers during his lunch break.

76. Defendant Emilio observed Plaintiff's newly purchased shoes and stated " you fucking asshole! those are not what I told you to get you look like a fucking homo mountain climber, are you fucking stupid?" "finish the tables you have, take em off and go back to exchange you fucking moron, you and your cunt mother both should've died when she pushed you out!"" in front of the entire restaurant.

77. After this unseemly occurrence, Plaintiff exited the restaurant with Defendant Emilio cursing and charging towards him.

78. In a further escalation, Defendant Emilio kicked Plaintiff in his lower back.

79. Plaintiff pleaded with Defendant Emilio to let him go and to not hit him.

80. Defendant Emilio grabbed Plaintiff by the shirt and punched him in the mouth.

81. This punch led Plaintiff's tooth being discharged from his mouth.

82. Defendant Emilio continued the battery along with several disturbing comments including "**Fucking faggot I'll murder you**."

83. After getting free of the Defendant Emilio, Plaintiff contacted the police and made a police report.

84. As a result of Defendants' continued harassment of Plaintiff, he suffered numerous injuries including economic and physical/emotional damages.

85. Due to the harassment of Defendants, Plaintiff suffers from high stress and anxiety.

86. Plaintiff suffered emotional pain, suffering, inconvenience, and other non-pecuniary losses.

87. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against Defendants.

88. The above are just some of the examples of unlawful conduct to which Defendants subjected Plaintiff on an ongoing continuous basis.

89. Defendants intentionally discriminated against Plaintiff based on his gender/sex and because of his lawful complaints of discrimination.

90. Defendants have a pattern and practice of discrimination and retaliation.

## AS AND FOR THE FIRST CAUSE OF ACTION
### (Not Against Any Individual Defendants)

91. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

92. Plaintiffs were employees within the meaning of Title VII of the Civil Rights Act, 42. U.S.C. § 2000e(f).

93. At all relevant times, Defendant Restaurant employed in excess of fifteen (15) employees and was an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b).

94. Pursuant to Title VII, 42 U.S.C. § 2000e-2(a) it is unlawful for an employer to discharge an employee because of such employee's "gender/sex/sexual orientation".

95. Plaintiffs' rights under Title VII were violated by acts of the Defendant in which Plaintiffs were terminated based upon their sex/gender/sexual orientation.

96. The motivating factor for Plaintiffs' termination/constructive discharge were Plaintiffs' gender/sex/sexual orientation.

97. Defendant created and maintained a hostile work environment based on sex, sexual harassment and sexual orientation.

98. But for Plaintiffs' sex and sexual orientation Plaintiffs would not have been constructively discharged/terminated.

99. Defendant's unlawful acts were intentional, willful, malicious and in reckless disregard of Plaintiffs' rights.

100. As a result of Defendant's unlawful acts, Plaintiffs suffered and continues to suffer damages, in forms including, but not limited to, lost income, lost future earnings and severe emotional distress, mental anguish, pain and suffering.

**AS A SECOND CAUSE OF ACTION
FOR DISCRIMINATION UNDER TITLE VII
(not against any individual Defendants)**

101. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint.

102. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

103. Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiffs with respect to the terms, conditions or privileges of employment because of their opposition to the unlawful employment practices of Defendant.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW YORK STATE LAW

104. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

105. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

"For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

106. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding and abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW YORK STATE LAW

107. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint.

11

108. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

"For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

109. Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiffs.

### AS A FIFTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER NEW YORK STATE LAW

110. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint.

111. Executive Law § 296 provides that

"1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

112. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiffs through gender/sex/sexual orientation discrimination, hostile work environment based on sex, sexual harassment, and constructive discharge/wrongful discharge.

113. Plaintiffs hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

### AS A SIXTH CAUSE OF ACTION AGAINST DEFENDANT EMILIO BRANCHINELLI
### CIVIL BATTERY

114. Plaintiff Abenante repeats and realleges each and every allegation made in the above paragraphs of this complaint

115. Defendant Emilio intentional touched Plaintiff Abenante when he first kicked him in his lower back.

116. Defendant Emilio intentionally touched Plaintiff Abenante when he first punched Plaintiff in the mouth.

117. Defendant Emilio intentionally touched Plaintiff Abenante with the intent to cause physical harm and did so by knocking out Plaintiff's tooth all while Defendant Emilio stated "**Fucking faggot I'll murder you**."

118. These several intentional and offensive touching were done without Plaintiff Abenante's consent.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, in an amount to be determined at the time of trial plus interest, backpay, front pay, compensatory damages, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Melville, New York
October 9, 2020

        Respectfully submitted,

        SLATER SLATER SCHULMAN LLP

        *John C. Luke, Jr.*
        John C. Luke, Jr., Esq.
        *Attorneys for Plaintiffs*
        445 Broad Hollow Road, Suite 419
        Melville, New York 11747
        (631) 420-9300